Dear Representative Birch:
This opinion is in response to your question asking:
 1. Does Opinion letter No. 99, dated March 17, 1981, apply to second class counties?
 2. Section 137.560, RSMo 1978, provides that funds provided for in Section 137.555
(the one-fifth by the county from specials) shall be shown as a separate item on all of the financial, budget and other accounting statements of the county. Does depositing such funds in the county road district account and showing as a line item receipt source comply with this requirement?
We assume for purposes of this opinion that the exceptions for certain second class counties contained in Sections 137.554
and 137.556, RSMo 1978,[1] do not apply to your first question.
Opinion Letter No. 99, referred to in your first question, concluded that the special road and bridge tax, imposed by Section137.555 and Article X, Section 12(a), Missouri Constitution, is to be paid into the special road and bridge fund in the county treasury, to be used for road and bridge purposes and no other purposes whatever. The statute also contains a provision regarding the portion of the road and bridge tax which is collected and paid upon any property lying and being within any special road district. Four-fifths of the money collected and paid upon this property is to be disbursed to the credit of the special road district from which it arose and is payable to such special road district upon warrants of the county court in favor of the commissioners or treasurer of such special road district; the other one-fifth of these funds is to be retained in the Special Road and Bridge Fund to be used, in the discretion of the county court, for improving or repairing any street in any incorporated city or village in the county, provided said street forms a part of a continuous highway of said county leading through such city or village.
In construing this statute, the 1981 opinion letter went on to conclude that the county court in such a case has no authority to give the one-fifth portion mentioned above to the special road district for use for either roads or bridges, because the General Assembly has provided for the exact use of the funds and has not authorized the county court to do otherwise with the remaining one-fifth portion.
Opinion No. 99 is consistent with the Dillon rule, as stated in Lancaster v. County of Atchison, 352 Mo. 1039, 180 S.W.2d 706,708 (banc 1944) (quoting, Dillon on Municipal Corporations Section 89 (3d ed.)):
 [C]ounties like other public corporations, "can exercise the following powers and no others: (1) those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; (3) those essential to the declared objects and purpose of the corporation — not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation and the power is denied."
Under the Dillon rule, before a second class county may give its funds to a special road district, a statute must exist that expressly or impliedly gives the county this power. (We do not believe the power to give funds to a road district is an essential or inherent power, absent any unusual circumstances.) The General Assembly has given counties the authority to grant their funds to certain fire protection districts and public library districts. Section 67.250. The General Assembly has given counties no such power to counties with regard to road districts. Cf. Sections137.554 and 137.556 (authorizing second class counties to expend certain road and bridge taxes in certain cities, towns, and villages). In fact, Section 50.550 prohibits counties from expending funds on bridges located in special road districts. Opinion No. 36, Parish, 1968. Accordingly, we conclude that second class counties may not grant to special road districts the one-fifth portion of road and bridge taxes derived from such special road districts for use on either roads or bridges.
The second question asked deals with Section 137.560, which states:
 The funds provided for in section 137.555
shall be shown as a separate item on all of the financial, budget and other accounting statements of the county, and such fund shall be specifically and expressly shown and designated on all such as the special road and bridge fund of such county.
We assume for purposes of this opinion letter that the "county road district account" referred to in your second question is the Special Road and Bridge Fund referred to in Section137.560. We conclude that the one-fifth portion of road and bridge taxes derived from special road districts does not have to be accounted for as a "line-item receipt source". Rather, Section137.555 provides that all of the road and bridge tax money is to be deposited in the Special Road and Bridge Fund. The four-fifths portion of the road and bridge taxes derived from property lying in a special road district is then disbursed to the appropriate special road district, when supported by the proper documentation,e.g., a warrant, showing, inter alia, how the four-fifths portion is computed. Under the accounting method described above, the one-fifth portion of the road and bridge taxes derived from the property in a special road district is not accounted for separately as a line item receipt apart from the other moneys in the Special Road and Bridge Fund. This above-described accounting method complies with Sections 137.555 and 137.560 and does not account for the one-fifth portion as a line-item receipt.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] All statutory references are to RSMo 1978, unless otherwise indicated.